**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| DAVID B. STRICKLAND, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-025 |
| | § | |
| HORIZON MARITIME, L.L.C., | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING DEFENDANT'S AMENDED MOTION TO TRANSFER VENUE**

This case arises out of injuries sustained by David B. Strickland, Jr. ("Plaintiff") while employed by Defendant Horizon Maritime, L.L.C. ("Horizon") and working aboard a Horizon vessel. Now before the Court comes Horizon's Motion to Transfer Venue to the Houston Division of the Southern District of Texas. For the reasons stated below, Horizon's Motion is respectfully **DENIED**.[1]

**I.     Background**

Plaintiff was allegedly injured on or about November 8, 2005, onboard the Horizon vessel the M/V GEMINI ("GEMINI"). The GEMINI is owned and operated by Horizon. At the time Plaintiff was allegedly injured, the vessel was docked at the Valero facility on the Houston Ship Channel, preparing for voyage to the Valero facility in Texas City, Texas. Plaintiff is a resident of

---

[1]The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

Cleveland, Texas, located within the Houston Division of the Southern District of Texas.

Horizon argues that this case has no connection to this Division, and that none of the witnesses reside within this division. It moves the Court to transfer this case to the Houston Division of the Southern District of Texas.

## II.    Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The movant bears the burden of demonstrating to the Court that it should transfer the case.  *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)  (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed.").  In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the location of pertinent books and records; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference.  *See, e.g.*, *Blansett v. Continental Airlines*, 203 F. Supp. 2d 736, 738 (S.D. Tex. 2003); *Chretien v. Home Depot U.S.A., Inc.*, 169 F. Supp. 2d 670, 672–73 (S.D. Tex. 2001); *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed

under an abuse of discretion standard.  *See Peteet*, 868 F.2d at 1436.

## III.   Analysis

### A.  *Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)).  To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony.  *See id.* (citing *Dupre*, 810 F. Supp. at 825).  "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*  Horizon maintains that the Houston Division would provide a more convenient forum because both Parties reside within the Houston Division because none of the potential witnesses reside within the Galveston Division and that travel to Houston will be more convenient than travel to Galveston.   Horizon has failed to show that the availability and convenience of key witnesses will be greatly increased by transfer to Houston.

First, Horizon has failed to provide the Court with descriptions of likely testimony to be given by any of the identified "key" witnesses.  Without descriptions of their anticipated testimony, it is impossible for the Court to determine their importance or lack thereof.  Second, many of the identified witnesses were Plaintiff's fellow crewmembers, and are presumably Horizon employees. However, Horizon has not stated whether any of the crewmembers are still employees, so the Court is unable to determine whether their attendance at trial may be compelled by Horizon, regardless of the venue.  *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003) (finding that defendants can compel the attendance at trial of their own employees so the availability

-3-

and convenience of such potential witnesses is given less weight).  Finally, as to the out-of-state witnesses, Horizon argues that travel to Houston is far more convenient than travel to Galveston. This argument is without merit.  There is little if any difference in the convenience of travel from either of Houston's major airports to either the Houston Courthouse or the Galveston Courthouse. *See Smith v. Colonial Penn Ins. Co.*, 943 F. Supp. 782, 784 (S.D. Tex. 1996). .

Horizon has not met its burden of proof in demonstrating that transferring this case to the Houston Division will increase the availability and convenience of the potential witnesses in this case.  This factor does not support transfer.

*B.  Location of Books and Records*

The location of books and records is generally of little importance in a personal injury case. Although Horizon has identified a number of personnel and medical records pertaining to Plaintiff that reside within the Houston area, they have not given the Court any indication that these records are so voluminous that it would incur substantial cost in transporting them to this Court rather than the federal courthouse in Houston.  *See LeBouef*, 20 F. Supp. 2d at 1060.  This factor does not support transfer.

*C. Cost of Obtaining Witnesses and Other Trial Expenses*

Horizon asserts that the Houston Division offers lower costs for obtaining witnesses and other trial expenses, but provides no specific information on the expenses and costs associated with trial in Galveston versus Houston.  Given the close proximity between the two cities, this Court's cost-efficient manner of handling cases, and this Court's comparatively shorter trial track, common sense dictates that trial expenses will be similar if not identical in both venues.  *See Blansett*, 203 F. Supp. 2d at 742; *Chretien*, 169 F. Supp. 2d at 675.  This factor does not support transfer.

*D.  Place of the Alleged Wrong*

Horizon argues that the Court should consider the place of the alleged wrong.  This Court generally considers the place of the alleged wrong to be a very important factor in venue determinations.  *See Henderson*, 918 F. Supp. at 1067 (observing that suits by nonresidents can work to delay the trials of residents).  However, "this factor, like the other factors, is only part of the equation."  *Dupre*, 810 F. Supp. at 827.  The events giving rise to this lawsuit took place on a vessel on the Houston Ship Channel, which is in the Houston Division.  This factor supports transfer.

*E.  Possibility of Delay*

Horizon contends that transfer of this case will not significantly delay the trial or otherwise result in prejudice to any party.  Plaintiff responds there is a significant possibility of delay and/or prejudice as the Houston Division has a greater backlog of cases, and once transferred, this case would move "to the end of the line."  *See Blansett*, 203 F. Supp. 2d at 743; *Chretien*, 169 F. Supp. 2d at 676.  This case has been assigned a firm trial date of February 26, 2007.  Although it is true that the Houston Division has a greater backlog of cases, and that this Court has a reputation for handling cases in an expeditious and cost-efficient manner, transfer at this relatively early stage in the proceedings is likely to result in little delay.  *See McGinnis v. Eli Lilly and Co.*, 181 F. Supp. 2d 684, 691 (S.D. Tex. 2002).  Furthermore, Plaintiff has not shown that transfer at this stage of the proceedings would cause a significant or unusual delay.  *See In Re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence.").  This factor does not weigh for or against transfer.

*F.  Plaintiff's Choice of Forum*

Horizon acknowledges that Plaintiff's choice of forum is generally entitled to great deference, but maintains that the choice of forum is entitled to less deference when the plaintiff does not live in the forum.  *See, e.g.*, *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum).  Plaintiff responds that his choice to litigate in Galveston is entitled to great deference.  Plaintiff currently resides in Cleveland, Texas, and the injury occurred on the Houston Ship Channel.  However, the GEMINI was about to embark on a trip to Texas City, Texas, when the alleged accident occurred.  Texas City is located within this Division.  As such, the residents of this Division do have more than a passing interest in the outcome of this litigation.  There is some connection to this forum, and therefore, Plaintiff's choice is entitled to some deference.  This factor supports retention.

## IV.    Conclusion

After carefully examining the relevant venue factors coupled with the specific facts of this lawsuit, the Court concludes that Horizon, while presenting a close question, has not carried its burden of demonstrating that transferring this case to the Houston Division would increase the convenience of all involved, and that transfer would be in the interests of justice.[2]  Therefore, Horizon's Motion to Transfer Venue is respectfully **DENIED**.  Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

---

[2]  The Court thanks both Parties for the submission of their articulate and well-prepared briefs.  Although the Court was admittedly frustrated with Horizon's first attempt at its Motion to Transfer Venue, the Amended Motion to Transfer Venue is clear and concise and leaves no doubt as to the relief that is being requested.  Additionally, Plaintiff submitted an excellent Response.

**IT IS SO ORDERED**.

**DONE** this 19th day of May, 2006, at Galveston, Texas.

Samuel B. Kent
United States District Judge